**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REX and SEDA NATAN, husband and wife,<br><br>          Plaintiffs-Appellants,<br><br>v.<br><br>CITIMORTGAGE, INC., a New York Corporation, and DOES 1-100, inclusive,<br><br>          Defendant-Appellee. | No.    16-56480<br><br>D.C. No. 2:14-cv-05779-DSF-PLA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted October 6, 2017
Pasadena, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and KORMAN,[**] District
Judge.

The Natans appeal from the district court's grant of summary judgment to

CitiMortgage, Inc. ("Citi"). The Natans are former homeowners who had financed

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

their home with a loan. In 2009, they sought a loan modification from Citi under the Home Affordable Modification Program ("HAMP") by seeking a determination of their eligibility through the HAMP's Trial Period Plan ("TPP"). After being timely notified that they were ineligible for the HAMP because their unpaid principal loan balance was too high, they repeatedly contacted Citi to challenge its determination. Months later, and after paying many modified payments under the TPP, the Natans' loan was transferred to another servicer, who then foreclosed on the mortgage in 2011.

In 2014, the Natans filed suit, alleging breach of contract, promissory estoppel, fraud, negligent misrepresentation, and violations of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal FDCPA"), on the grounds that Citi misled the Natans into thinking that they were indeed HAMP-eligible, thereby inducing them to rely on a loan modification for which they had been ineligible at the outset, and depriving them of the opportunity to sell their home before foreclosure. The district court granted summary judgment to Citi, finding that the breach of contract and promissory estoppel claims failed on the merits because the Natans were not eligible for a loan modification under the HAMP.

A. Misrepresentation of HAMP Eligibility

The Natans allege that they reasonably relied on Citi's alleged misrepresentation that they were eligible for the HAMP, because Citi had sent them a TPP form, even though the Natans' original unpaid principal balance on the loan rendered them ineligible at the outset. The record does not support this.

Specifically, the HAMP guidelines encouraged servicers to consider borrowers for alternative loan modification programs in the event that borrowers–like the Natans–were ineligible. Citi performed an initial net present value ("NPV") test which would determine the Natans' eligibility for both the HAMP and Citi's internal modification program. This yielded a positive result. Citi then sent the TPP form to the Natans with the intention of evaluating them under Citi's internal program. Moreover, the Natans themselves indicated interest in programs besides the HAMP; they contacted Citi about a modification even before the HAMP was created. Furthermore, the Natans' attorney who had assisted them in seeking the loan modification, Edward Nass, testified that he would occasionally prepare HAMP packages for ineligible borrowers to provide the bank with information to evaluate borrowers' eligibility for other programs.

## B. Breach of TPP Notification Obligation

The Natans' breach of contract, promissory estoppel, and Rosenthal FDCPA claims rest on the argument that Citi breached the TPP contract by failing to modify the Natans' loan effective November 1, 2009 (the modification effective date listed in the TPP), because the Natans had performed their obligations and Citi did not notify them that they did not qualify.

The Treasury Directive governing the HAMP dictates that the servicer must notify the borrower of ineligibility in writing after the borrower has submitted a signed TPP. ER 140. The Natans completed their TPP obligations on October 23, 2009, and Citi determined the Natans' ineligibility for both the HAMP and Citi's internal program on December 19, 2009. On December 28, 2009, Citi notified the Natans of their ineligibility for both programs over the phone. This was a mere nine-day interval. While Citi did not notify the Natans in writing, "[a] provision in a contract pertaining to written notice may be waived, either expressly or by conduct, by the party for whose benefit it is inserted." *Gilmore v. Hoffman*, 266 P. 2d 833, 837 (Cal. Ct. App. 1954). Such a waiver took place here. The Natans, represented by counsel, immediately asked for further review of Citi's decision; therefore, their "actual knowledge was equivalent to notice, particularly where, as

here, they acted upon the oral notice and thoroughly understood the situation, were not relying upon any such written notice, and apparently waived it." *Id*.

C. Misrepresentation of Possible Supplemental Modification

The Natans further argue that they reasonably relied on Citi's misrepresentations regarding a supplemental mortgage, because Citi continued to accept the Natans' loan payments at the reduced TPP amount, and, allegedly, continually made false promises to the Natans from February to May 2010. The Natans' complaint, however, does not allege a cause of action based on such misrepresentations, and the Natans failed to amend their complaint to include facts underlying this alleged misrepresentation.

Accordingly, the judgment of the district court in favor of Citi is **AFFIRMED.**